**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TRAVIS W. MATTHEWS,** : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:11-2282** |
| **v.** : | |
| : | **(CAPUTO, D.J.)** |
| **MARIANNE PETRILLA, WARDEN** : | **(MANNION, M.J.)** |
| **PIAZZA, MAJOR LARSON, CAPTAIN** | |
| **GALLAGHER, LT. SMITH, CHAPLAIN** : | |
| **TOM, and SGT. ROSTOWSKY** | |
| : | |
| **Defendants** | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is the plaintiff's motion for a preliminary injunction. (Doc. No. 8). For the reasons set forth below, the court will recommend that the plaintiff's motion be **DENIED**.

## I.   BACKGROUND

By way of relevant background, on November 3, 2011, the plaintiff, who is confined at the Luzerne County Correctional Facility ("LCCF") filed a complaint in the Luzerne County Court of Common Pleas. (Doc. No. 1, Ex. 2, p. 4). On December 2, 2011, the defendants removed the case to the United States District Court for the Middle District of Pennsylvania. On January 3, 2012, the plaintiff filed a motion for a preliminary injunction. (Doc. No. 8). More specifically, the plaintiff's motion for a preliminary injunction is based on

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

(1) the defendants' policy of harassment and retaliation and their refusal to take action against it, (2) interference with access to the law library, (3) arbitrary restrictions on incoming and outgoing mail and (4) issuing misconduct reports to embezzle funds without due process safeguards. *Id.*

### Policy of Harassment and Retaliation

Plaintiff does not set forth factual allegations regarding the alleged policy of harassment and retaliation at LCCF in his supporting brief. Instead, he references the allegations outlined in his complaint. (Doc. No. 1, Ex. 2). In his complaint, plaintiff alleges that the defendants maintain a policy, practice or custom to use the restraint chair as a form of punishment when an inmate is no longer aggressive nor non-combatant and is following orders. *Id.* The plaintiff does not allege any specific incidents in which he was involved, or if he was, that he was subjected to this alleged policy of the defendants.

### Interference with Access to the Law Library

The plaintiff's complaint includes vague factual allegations regarding RHU inmates being denied law library access unless they get a court order thereby making *pro se* litigation difficult for inmates. *Id.* at p. 8. The Plaintiff does not allege what problems if any he has had with access to the law library at the prison or how it has affected his litigation. The plaintiff does not allege any specific dates or times he has been denied access to the prison library.

### Restrictions on Incoming and Outgoing Mail

The plaintiff complains that defendants have authorized defendant, Betty Quinn, to restrict incoming mail at LCCF for any reason including "highlighted, crayon, writing on outside of envelope, pictures, oversize

2

'magazines distasteful.' " *Id.* at p. 9. The plaintiff further contends that mail is often returned to the sender without any reason, except the alleged deficiencies in the defendants' mail policies. *Id.* Once again, the plaintiff does not specify any personal experiences with receiving or sending personal mail at LCCF.

### **Issuing Misconducts without Due Process**

Finally, the plaintiff argues, in his brief in support of the motion for preliminary injunction, that the defendants issued false misconduct reports for breaking prison rules to keep the plaintiff in solitary confinement. (Doc. No. 9). The plaintiff alleges unlawful conditions of confinement in violation of the Eighth Amendment. Id. The plaintiff does not set forth any specific supporting allegations about when he was placed in solitary confinement or the defendants' actions regarding the placement of the plaintiff in solitary confinement.

Consequently, the plaintiff asks for the following: 1) the defendants appear for a hearing to explain why a preliminary injunction should not be issued; 2) the defendants be enjoined, for a period of two years, from assaulting the plaintiff, interfering with the plaintiff's outgoing and incoming mail, issuing false misconducts, intimidating, punishing and threatening to further harm the plaintiff in conjunction with the claims made in the complaint; 3) the injunction be preliminary for two years until determined final, and 4) the court's order shall remain in full force and effect until the court orders otherwise. (Doc. No. 8).

## II.   DISCUSSION

The Supreme Court has instructed that injunctive relief should be reserved for "extraordinary" situations. *Sampson v. Murray*, 415 U.S. 61, 88 (1974). In following that instruction, the Third Circuit has held that the granting of injunctive relief is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. *Warner Bros. Pictures v. Gittone*, 110 F.2d 292 (3d Cir. 1940). Further, the Third Circuit has insisted that "the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." *Adams v. Freedom Forge Corporation*, 204 F.3d 475 (3d Cir. 2000) (citing *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992); *Frank's GMC Truck Center*, 847 F.2d 100, 102-03 (3d Cir. 1988)).

In considering a motion for injunctive relief, the district court must consider: (1) whether the movant has shown probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *Brian B. v. Commonwealth*, 230 F.3d 582 (3d Cir. 2000).

The plaintiff argues that he will suffer irreparable harm by continuing to be subjected to unlawful conditions of confinement, intentional interference with pending litigation, false misbehavior reports and interference with incoming and outgoing mail. (Doc. No. 8). The plaintiff further alleges that he

will suffer harm to his health, safety, pursuit of happiness, mental stability, daily functions, mental distress and reputation. *Id.*

### A.     <u>Policy for Harassment and Retaliation</u>

As indicated in plaintiff's motion for a preliminary injunction, the plaintiff asks that a preliminary injunction be issued because LCCF and the defendants have a policy of harassment and retaliation and use the restraint chair as a form of punishment when the inmate is not combative. The plaintiff's allegation are vague and conclusory. The plaintiff does not provide the court with any detail of whether he was subjected to the restraint chair and if he was harmed by the use of the restraint chair. It is unknown if the Plaintiff is presently being placed in the restraint chair. Speculative injury does not constitute irreparable harm. *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d. 351, 359 (3d Cir. 1980). A prisoner lacks standing to seek an injunction if he is no longer subject to the alleged conditions. *See Weaver v. Wilcox*, 650 F.2d 22, 27 n. 13 (3d Cir.1981). *See also Laurensau v. Folino*, No. 10-0065, 2011 U.S. Dist. LEXIS 29742, at *2 (W.D. Pa. Mar. 23, 2011) (Where a plaintiff seeks injunctive relief for prison conditions to which he is no longer subjected, there is no longer a live controversy and a court cannot grant that injunctive relief.). The plaintiff has not alleged the risk of any future harm. Therefore, the court recommends that the plaintiff's motion for a preliminary injunction based on the alleged policy of LCCF be denied.

### B.     <u>Interference with Access to the Law Library</u>

To the extent the plaintiff seeks injunctive relief due to the allegations that he was denied law library access, the plaintiff's allegations are vague and

unsubstantiated. The plaintiff includes all prisoners in his allegations. The plaintiff alleges that the prisoners are denied access to the law library, without a court order, making *pro se* litigation difficult for the inmates. The Plaintiff does not allege what problems if any he has had with access to the law library at the prison or any harm he has suffered. The Plaintiff filed a complaint, motion for preliminary injunction and brief in support in this case. The plaintiff has not alleged any injury regarding this litigation or any other cases the plaintiff may have. Access to the courts requires that prisoners be assisted in the filing of legal papers and have adequate law libraries. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Contrary to defendants' assertions in their opposition, a plaintiff claiming denial of access to the law library need not prove actual injury because the allegation implicates injury. *Peterkin v. Jeffes*, 855 F.2d 1021, 1041 (3d Cir. 1988). However, because there is no definitive test of adequate access to law libraries by prisoners, the Third Circuit has elected to evaluate adequate access on a case by case basis. *Bounds*, 430 U.S. at 832; *Abdul-Akbar v. Watson*, 4 F.3d 195, 202 (3d Cir. 1993). The plaintiff has not alleged any specific facts to support his request for a preliminary injunction based on access to the law library other than the unsubstantiated allegation that prisoners need a court order to use the law library. The courts will not issue a preliminary injunction based on a plaintiff's vague and unspecified allegations. Therefore, the court recommends that the plaintiff's motion for a preliminary injunction regarding the alleged denial of access to the law library be denied.

**C.     Restrictions on Incoming and Outgoing Mail**

The plaintiff complains that defendant, Betty Quinn, has been authorized by the defendants to restrict incoming mail for any reason. The defendants argue that the purpose of a preliminary injunction is not to decide an issue on the merits, but to preserve the status quo. The court agrees. This issue will more properly be decided upon consideration of the defendants' motion to dismiss or at trial. Again, the plaintiff has not alleged any facts to support his motion for a preliminary injunction based on the mail policies of the prison. It does not appear to the court that extraordinary relief such as a preliminary injunction is warranted. *See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)* (It is a movant's burden to show that the preliminary injunction must be the only way of protecting the plaintiff from harm.). Therefore, it is recommended that the motion for a preliminary injunction be denied.

**D.     Issuing Misconducts without Due Process**

Finally, Plaintiff argues in his brief in support of the motion for preliminary injunction that the plaintiffs issued false misconduct reports for breaking prison rules to keep the plaintiff in solitary confinement. The plaintiff alleges unlawful conditions of confinement, but does not set forth any allegations about when he was placed in solitary confinement or the defendants' actions in placing the plaintiff in solitary confinement. The plaintiff has not set forth the facts to support irreparable harm. The purpose of the preliminary injunction is preservation of the status quo and to prevent irreparable harm until a ruling on the merits by the court. *Acierno v. New*

*Castle County,* 40 F.3d 645, 647 (3d Cir. 1994). It is recommended that the motion for a preliminary injunction be denied.

## III. RECOMMENDATION

On the basis of the foregoing, **IT IS RECOMMENDED THAT**, the plaintiff's motion for a preliminary injunction, (Doc. No. 8), be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated: August 7, 2012
O:\shared\REPORTS\2011 Reports\11-2282.01.wpd