UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRAVIS W. MATTHEWS,** : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:11-2282** |
| **v.** : | |
| : | **(CAPUTO, D.J.)** |
| **MARIANNE PETRILLA, WARDEN** : | **(MANNION, M.J.)** |
| **PIAZZA, MAJOR LARSON, CAPTAIN** | |
| **GALLAGHER, LT. SMITH, CHAPLAIN** : | |
| **TOM, and SGT. ROSTOWSKY** | |
| : | |
| **Defendants** | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is the defendants' unopposed motion to dismiss. (Doc. No. 2). For the reasons set forth below, the court will recommend that the defendants' motion be **GRANTED**.

## I. BACKGROUND

By way of relevant background, on November 3, 2011, the plaintiff, who is confined at the Luzerne County Correctional Facility ("LCCF") filed the instant civil rights action pursuant to 42 U.S.C. §1983 by complaint in the Luzerne County Court of Common Pleas. (Doc. No. 1, Ex. 2, p. 4). On December 2, 2011, the defendants removed the case to the United States District Court for the Middle District of Pennsylvania. (Doc. No. 1).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

On December 9, 2011, the defendants filed the instant motion to dismiss the plaintiff's complaint, (Doc. No. 2). On December 27, 2011, the defendants filed a brief in support thereof. (Doc. No. 4). The plaintiff was granted three extensions of time to file a brief in opposition to defendants' motion. (Doc. No. 6, Doc. No. 13, Doc. No. 17). As of the date of this report, the plaintiff has failed to file a brief in opposition to defendants' motion. The motion will, however, be given a merits review in accordance with the provisions of Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). The court is not limited to evaluating the complaint alone. It may consider documents that form the basis of a claim. Lum v. Bank of America, 361 F.3d 217, 221 n.3 (3d Cir. 2004). It may also consider "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading . . ." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).

A complaint has to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, only a "short and plain statement" showing the right to relief. Pryor, 288 F.3d at 564 (*citing Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002), *quoting* Fed.R.Civ.P.

8(a)(2)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (*quoting Twombly*, 550 U.S. at 556). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

In his complaint, the plaintiff asserts claims pursuant to the First, Fourth, Eighth and Fourteenth Amendments. (Doc. No. 1, Ex. 2, p. 16). The plaintiff also asserts criminal law claims pursuant to 18 U.S.C. §241 and 18 U.S.C. §242 and a Racketeering Influenced Corrupt Organizations Act ("RICO") claim under 18 U.S.C. §§1961, et seq. *Id.* Specifically, the plaintiff alleges that Warden Piazza maintains and condones a policy of extorting and embezzling money from inmate accounts for administrative processing fees and misconducts. *Id.* at p. 7. The plaintiff also alleges that the defendants abuse the misconduct process by writing frivolous misconducts to procure profits and embezzle funds. *Id.* The plaintiff further complains about the conditions of his confinement in the Restricted Housing Unit ("RHU") at the prison. *Id.* at p. 8. The plaintiff complains of interference with access to the law library. *Id.* at p. 9. The plaintiff also complains of arbitrary restrictions on incoming and outgoing mail in violation of the First Amendment. *Id.*

## II.   DISCUSSION

### A.   Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 requires prisoners to exhaust prison grievance procedures before filing suit. See 42 U.S.C. §1997(e)(a);

Jones v. Bock, 549 U.S. 199 (2007). Specifically, 42 U.S.C. §1997(e) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In addressing the exhaustion requirement, the Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitation on the kind of relief that is available through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Booth v. Churner, 532 U.S. 731, 742 n.6 (2001). The Third Circuit has held that "it is beyond the power of this court . . . to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

The PLRA's requirement of exhaustion requires not just exhaustion of administrative remedies, but proper exhaustion which includes compliance with the prison's procedural rules, such as deadlines for filing grievances and appeals. Woodford v. Ngo, 548 U.S. 81, 88 (2006).

The exhaustion requirement imposed by the PLRA is an affirmative defense that must be pleaded and proven by defendants in a civil rights action. Jones, 549 U.S. at 216. Even though exhaustion is an affirmative defense, however, *sua sponte* dismissal of an action is proper where failure to exhaust available administrative remedies available to a plaintiff is clear on

4

the face of the complaint. See McPherson v. U.S., 2010 WL 3446879, **3-4 (3d Cir. 2010)[2].

The Third Circuit has held that prisoners may not file a federal civil rights action before exhausting their administrative remedies and that to allow such would circumvent the PLRA rule requiring exhaustion. Nyhuis, 204 F.3d at 67 n.12 (finding that the PLRA requires that "inmates first test and exhaust the administrative [grievance] process, and then, if dissatisfied, take the time necessary to file a timely federal action."); see also Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002).

The defendants argue that the plaintiff's complaint must be dismissed because the plaintiff's complaint addresses the conditions of his confinement and the plaintiff did not avail himself of the grievance procedures at LCCF. Upon review of the complaint in the instant action, the plaintiff does not allege that he availed himself of the prison grievance procedure. The plaintiff complains, "[t]he Grievance System is inadequate there being no number tracking system valid grievances are ignored, making it virtually impossible to exhaust administrative remedies or seek redress internally." (Doc. No. 1, Ex. 2, p. 9). The plaintiff does not provide any information in his complaint alleging that he actually attempted to file a grievance. Rather, the plaintiff appears to admit in his complaint that he did not exhaust his administrative remedies prior to bringing the instant action, because he feels the matters which he raises

---

[2]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

therein are impossible to redress internally and that the grievance process at LCCF is inadequate. Regardless of its effectiveness, the PLRA requires exhaustion prior to the initiation of the plaintiff's claims in federal court and the court cannot excuse compliance with those requirements. See Jones v. Lorady, 2011 WL 2461982 (M.D.Pa.) (Kosik, J.) (dismissing prisoner complaint *sua sponte* for failure to exhaust administrative remedies prior to initiating federal action); Ferri v. Pa. Dep't of Corrections, 2010 WL 3701386 (M.D.Pa.) (McClure, J.) (same). Therefore, although it appears that the plaintiff's complaint should be dismissed for this reason, the court will briefly examine the merits of the plaintiff's claims pursuant to Stackhouse.

### B.    First Amendment
#### 1.    Retaliation

The plaintiff alleges a First Amendment retaliation claim in his complaint. (Doc. No. 1, Ex. 2, p. 16).  In order to sustain a First Amendment retaliation claim, a plaintiff-prisoner must show that: (I) he or she engaged in constitutionally protected conduct; (ii) an adverse action was taken by prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (iii) there was a causal relationship between the foregoing two (2) elements. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (*quoting Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). Even if a plaintiff-prisoner demonstrates that his or her exercise of a constitutional right was a substantial or motivating factor in the challenged decision, "the prison officials may still prevail by proving that they would have made the same

decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

Defendants argue that the plaintiff's First Amendment retaliation claim should be dismissed because the plaintiff failed to allege any constitutionally protected conduct. The court agrees. A review of the plaintiff's complaint does not reveal a protected conduct for which the plaintiff is entitled to First Amendment protection.

### 2.  Prison Mail

The plaintiff's next First Amendment claim is that defendant, Betty Quinn, has been authorized by the defendants to restrict incoming mail at LCCF for any reason including "highlighted, crayon, writing on outside of envelope, pictures, oversize 'magazines distasteful.'" (Doc. No. 1, Ex. 2, p. 9). The plaintiff further contends that mail is often returned to the sender without reason, due to the deficiencies in the defendants' mail policies. *Id.* The plaintiff complains about how the mail is handled at LCCF, but does not state any specific allegations that his personal mail was handled in a manner that violated the First Amendment.

### C.  Access to Courts-First and Fourteenth Amendment

Although the plaintiff complains that he was denied law library access, the plaintiff's allegations are vague and unsubstantiated. The plaintiff provides vague and conclusory allegations regarding the library and includes all prisoners in his allegations. More specifically, the plaintiff alleges that all LCCF prisoners are denied access to the law library without a court order, making *pro*

*se* litigation difficult for the inmates. (Doc. No. 1, Ex. 2, p. 9). The Plaintiff does not allege what problems, if any, he has had with access to the law library at the prison or any harm he has personally suffered. The Plaintiff filed a complaint, motion for preliminary injunction and brief in support in this case. The plaintiff has not alleged any injury regarding this litigation or any other cases the plaintiff may have. Access to the courts requires that prisoners be assisted in the filing of legal papers and have adequate law libraries. Bounds v. Smith, 430 U.S. 817, 828 (1977). There is no definitive test of what constitutes adequate access to law libraries by prisoners, therefore, the Third Circuit has elected to evaluate adequate access on a case by case basis. Bounds, 430 U.S. at 832; Abdul-Akbar v. Watson, 4 F.3d 195, 202 (3d Cir. 1993).

    The plaintiff has not alleged any specific facts to support a claim for denial of access to the courts based on his access to the law library other than the unsubstantiated allegation that all prisoners need a court order to use the law library. The plaintiff's vague and unspecified allegations fail to state a claim upon which relief can be granted.

    **D.   Fourth Amendment**

    The plaintiff alleges a violation of the Fourth Amendment in his complaint. (Doc. No. 1, Ex. 2, p. 16). The Fourth Amendment guarantees the right of the people to be free from unreasonable search and seizure. U.S. Const. Amend 4. The Fourth Amendment does not prohibit all searches, the prohibition exists only for searches deemed to be unreasonable. Elkins v. United States, 364

U.S. 206, 222 (1960). The determination of whether a search is unreasonable depends on the facts surrounding the search and seizure. Skinner v. Railway Labor Executives Ass'n, 489 U.S. 602, 619 (1989). The plaintiff has failed to set forth any allegations of an alleged search or seizure of the plaintiff or the plaintiff's property.

### E.     Eighth Amendment

The plaintiff's Eighth Amendment claim alleges problems concerning the conditions of the plaintiff's confinement at LCCF. (Doc. No. 1, Ex. 2, pp. 8-10). The plaintiff complains of the following conditions in RHU being harsh: prisoners are only given one blanket, sheets are not appropriate for the winter, the cells do not have ventilation making the temperature extremely hot in the summer and cold in the winter, the cells are not cleaned before a new inmate is put in them, the officers do not wear hairnets when they serve food and the dinners are "T.V. Dinner" size. *Id.*

The defendants argue that the plaintiff's complaint should be dismissed because he has failed to sufficiently allege a violation of his constitutional rights. To this extent, the defendants argue that the plaintiff's cursory claim that his cell was unsanitary and that he didn't receive adequate food, clothing, shelter and medical care does not rise to the level of an Eighth Amendment claim.

The constitutional issue implicated in this case is the Eighth Amendment requirement that prison officials make reasonable efforts to assure humane conditions of confinement, including adequate food, clothing, shelter, medical

care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). Yet not every governmental action affecting an inmate's interests or well-being rises to the level of a violation of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Rhodes v. Chapman, 452 U.S. 337, 349 ( 1981) (noting that the Constitution "does not mandate comfortable prisons"). The Supreme Court has noted that "[t]o the extent that certain conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. Therefore, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal citations omitted); Jetter v. Beard, 183 F. App'x 178, 181 (3d Cir. 2006).

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both an objective and subjective component: (1) as noted above, the deprivation alleged must be "sufficiently serious"; and (2) the prison official must have acted with "deliberate indifference" to the inmate's health or safety. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996). Such "deliberate indifference" is a stringent standard of fault requiring proof that a prison official acted with reckless disregard to a known risk of harm; mere negligence or malpractice does not rise to the level of deliberate indifference. Day v. Fed. Bureau of Prisons, 233 F. App'x 132, 134 (3d Cir. 2007); Beers- Capitol v. Whetzel, 256 F.3d 120, 131 (3d Cir. 2001). "A prison official's duty under the Eighth

Amendment is to ensure 'reasonable safety,' a standard that incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" Farmer 511 U.S. at 844-45 (internal citations omitted).

Here, although the plaintiff complains of the conditions in RHU being uncomfortable and potentially unsanitary, there is no indication in the complaint that it was of such condition as to rise to the level of an Eighth Amendment violation.

### F. Fourteenth Amendment
#### 1. Procedural Due Process

Next, the plaintiff appears to have brought a due process claim, based solely based on the administrative fees and misconduct fees assessed by the defendants. An inmate's due process rights are not triggered unless the prison imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Young v. Beard, 227 Fed. Appx. 138, 141 (3d Cir. 2007) (*quoting Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003)); see also Sandin v. Conner, 515 U.S. 472, 484 (1995). "Atypical and significant" is generally ascertained "by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997). The "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy is available."

Hudson v. Palmer, 468 U.S. 517, 533 (1984). The plaintiff had the opportunity to file grievances based on the deductions, however, there is no indication that he filed any grievances at the prison.

### 2. Equal Protection

The plaintiff's complaint also alleges that the actions of defendants in collecting $100.00 in administrative fees from prisoners while receiving taxpayer money violates equal protection. (Doc. No. 1, Ex. 2, p. 12). "The Equal Protection Clause … is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985). Therefore, plaintiff must allege that he was similarly situated to, and treated differently than, other inmates who did not have to pay the administrative fee. *See id.* Here, plaintiff has failed to come forward with any evidence to support such a contention. To the contrary, the plaintiff's own allegations state that the fee is collected from "each" prisoner. (Doc. No. 1, Ex. 2, p. 12).

### G. Conspiracy

The defendants argue that the plaintiff's conclusory allegations of a conspiracy are not sufficient to withstand a motion to dismiss.

In considering the plaintiff's conspiracy claim, conclusory and vague allegations will not support a conspiracy claim, see Tindell v. Beard, 351 Fed.Appx. 591, 594 (3d Cir. 2009) (per curiam) (nonprecedential) (*citing Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989)); Adams v. Teamsters Local 115, 214 Fed.Appx. 167, 175 (3d Cir. 2007) (nonprecedential). A plaintiff must allege

with particularity and present facts which show that the alleged conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive the plaintiff of a protected federal rights. See D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992). The plaintiff has admittedly presented only conclusory allegations of a conspiracy which are insufficient.

**H.   RICO**

It appears that plaintiff intended to bring a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO") based on the policy of defendants to deduct $5.00 from an inmate's account if they are convicted of a misconduct. Specifically, the plaintiff alleges a violation of 18 U.S.C. §1961-1964. (Doc. No. 1, Ex. 2, p. 12). Defendants argue that to the extent the plaintiff is bringing claims against them under RICO, the plaintiff's claim must be dismissed because the plaintiff has not alleged criminal acts that constitute racketeering. The court agrees.

RICO provides a private right of action to recover treble damages, attorney's fees, and costs of suit "for any person injured in his business or property by reason of a violation of [18 U.S.C. §1962]." Kolar v. Preferred Real Estate Invs., Inc., 361 Fed. Appx. 354, 359 (3d Cir. 2010) (*quoting* 18 U.S.C. §1964(c)). In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) (*citing Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). RICO defines

"racketeering activity" by enumerating a litany of predicate acts. A pattern of racketeering activity, in turn, requires at least two predicate acts of racketeering activity. Kolar, 361 Fed. Appx. at 359 (*citing* 18 U.S.C. §1961(5)). Plaintiff fails to allege that defendants committed any criminal acts enumerated under the RICO statute. Therefore, we recommend the claim be dismissed.

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). However, dismissal without leave to amend is justified on the grounds of bad faith, undue delay, prejudice, or futility. Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, it appears that allowing the plaintiff leave to amend is futile because: 1) the defendant did not exhaust his administrative remedies prior to filing the complaint; 2) the defendant did not file a response or brief in opposition to the defendants' motion to dismiss in order to oppose the motion as required by Local Rule 7.6 of this court, and 3) the facts do not support any likelihood of recovery as the alleged conditions of confinement at LCCF do not amount to a violation of the plaintiff's constitutional rights.

### III. RECOMMENDATION

On the basis of the foregoing, **IT IS RECOMMENDED THAT**, the defendants' motion to dismiss be denied, (Doc. No. 2), be **GRANTED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated: August 7, 2012
O:\shared\REPORTS\2011 Reports\11-2282.02.wpd